UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

KELLY J. PLANCK,
   Appellant,

  v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
DA-0752-15-0512-I-1

DATE: April 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James C. Latham, Amarillo, Texas, for the appellant.

Paul C. Wolf, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her removal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        Effective June 20, 2015, the appellant was removed from her position as a City Carrier at the U.S. Postal Service based on unacceptable conduct.  Initial Appeal File (IAF), Tab 6 at 31-32.  The appellant appealed her removal and requested a hearing.  IAF, Tab 1 at 1.  The administrative judge issued an acknowledgment order advising the appellant of the requirements for establishing jurisdiction over her adverse action appeal and ordering her to submit evidence establishing that the Board had jurisdiction over her appeal.  IAF, Tab 2 at 2.  The appellant did not respond, and the agency filed a motion arguing that the appeal should be dismissed for lack of jurisdiction because, among other things, the appellant was not preference eligible and did not otherwise qualify as an employee with adverse action appeal rights before the Board.  IAF, Tab 6 at 6-8.

¶3        On August 17, 2015, the administrative judge issued an order directing the appellant to show cause why the appeal should not be dismissed for lack of jurisdiction.  IAF, Tab 7.  In her response, the appellant admitted that she was not a preference-eligible veteran, a supervisor or manager, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity.  IAF, Tab 9 at 1, 6.  She argued, though, that she should be considered a preference eligible because her father, brother, and some uncles had served in the military. *Id*. at 1, 3, 6.  The administrative judge dismissed the appeal for lack of

jurisdiction based on the parties' written submissions because she found that the appellant had failed to raise a nonfrivolous allegation entitling her to a hearing. IAF, Tab 11, Initial Decision.

¶4 In her petition for review, the appellant continues to argue that she should have adverse action appeal rights based on the military service of her father, brother, and uncles.[2] Petition for Review (PFR) File, Tab 1 at 2. The agency has responded in opposition arguing that the relevant statutes do not confer preference-eligible status based on these familial relationships. PFR File, Tab 3 at 8-10. We agree.

¶5 The appellant bears the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To have adverse action appeal rights to the Board, a Postal employee such as the appellant, (1) must be an excepted-service, preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a)(4)(A); *Trabue v. U.S. Postal Service*, 102 M.S.P.R. 14, ¶ 5 (2006). In this context, a preference eligible generally means a veteran who served on active duty in the armed forces during specific periods of time, and who has been discharged or released from active duty in the armed forces under honorable conditions, 5 U.S.C. § 2108(1)(C), (3)(A)-(B), a disabled

---

[2] The appellant does not dispute on review the administrative judge's finding that she was not a manager, supervisor, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, Initial Decision at 3, and we discern no basis for disturbing this finding.

veteran, 5 U.S.C. § 2108(3)(C), or in some cases, a widow or widower, spouse, or mother of a veteran, 5 U.S.C. § 2108(3)(D)-(G).

¶6        An appellant is entitled to a hearing if she raises a nonfrivolous allegation of Board jurisdiction over her appeal.  *See Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).  An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal.  *Id.*

¶7        Based on the record before her, the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that she is preference eligible as defined in 5 U.S.C. § 2108.  The appellant's assertion that her father, brother, and uncles were honorably discharged from the military is not sufficient to raise a nonfrivolous allegation of Board jurisdiction over her appeal.  PFR File, Tab 1.  Even if these relatives were preference eligible, a child, sister, or niece of a preference-eligible veteran is not a preference-eligible employee.  *See* 5 U.S.C. § 2108(3); *Alley v. U.S. Postal Service*, 100 M.S.P.R. 283, ¶¶ 7-8 (2005) (finding that a child or niece of a preference eligible is not a preference eligible).

¶8        Thus, we find that the appellant has failed to make a nonfrivolous allegation that she is a preference eligible, and the administrative judge properly dismissed this appeal for lack of jurisdiction.[3]

---

[3] Although the appellant's appeal contained no suggestion that she had a compensable injury or had served in the uniformed services, she checked a box on her appeal form describing one of the acts she was appealing as failure to restore/reemploy/reinstate. IAF, Tab 1 at 2.  The administrative judge noted this in the show cause order and provided the appellant with information regarding what was required to establish Board jurisdiction over a claim that the agency failed to restore her to duty after a compensable injury or following uniformed service.  IAF, Tab 7 at 2.  The appellant failed to provide any documents or argument regarding these claims in her response, and she has not raised the issue on review.  IAF, Tab 8; PFR File, Tab 1.  Because the record lacks any evidence or allegation that the appellant suffered a compensable injury

¶9    Finally, the appellant alleges that the administrative judge felt "negativity" towards her representative based on his involvement in an unrelated case. PFR File, Tab 1 at 3.  To the extent she is making a claim of bias or prejudice against the administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002).  Here, the appellant fails to allege that the administrative judge acted inappropriately or otherwise displayed any evidence of bias against herself or her representative.  We find no indication that the administrative judge was biased in her adjudication of this appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that

_____

or served in the uniformed services, we find that 5 C.F.R. part 353 does not provide a basis for jurisdiction in this matter.

filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.